# K. N. KEKAI AND LILIANA KEKAI (HIS WIFE) *v.* WAIPIO LIMALAU, LIMITED, A CORPORATION.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED JANUARY 4, 1905.    DECIDED JANUARY 31, 1905.

FREAR, C.J., HARTWELL AND HATCH, JJ.

DISAFFIRMANCE OF AN INFANT'S LEASE—*none necessary prior to bringing ejectment by his heirs.*

> An infant having leased his land to the defendant and died in minority, an action of ejectment by his parents being his heirs at law is sufficient disaffirmance of the lease.

OPINION OF THE COURT BY HARTWELL, J.

This was an action of ejectment in which the plaintiffs claimed as heirs at law of an infant lessor under whom the defendant held, and who had died in minority. The court directed a verdict for the defendant on the ground that before bringing the action the plaintiffs had done no act amounting to a disaffirmance of the lease, to which direction, as well as to the verdict, the plaintiffs excepted. It was held in *Tucker v. Moreland,* 10 Peters 72, that "where the act of an infant is by matter of record he must avoid it by some act of record (as for instance by a writ of error or an audita querela) during his minority, but if the act of the infant is a matter in pais it may be avoided by an act in pais of equal solemnity or notoriety." In that case one Barry had executed a conveyance in fee to one Wallach dated December 1, 1831, being at the date of the deed under the age of twenty-one years. He continued in possession, however, of the premises conveyed until February 8, 1833, when

he became of age when he conveyed the land to the defendant. The question before the court was whether the second conveyance was a sufficient disaffirmance of the first. The court said: "We do not mean to say, that in all cases, the act of disaffirmance should be of the same, or of as high and solemn a nature as the original act; *for a deed may be avoided by a plea.* But we mean only to say, that if the act of disaffirmance be of as high and solemn a nature, there is no ground to impeach its sufficiency. * * * The question, then, is, whether, in the present case, the deed to Mrs. Moreland, being of as high and solemn a nature as the original deed to Wallach, is not a valid disaffirmance of it. We think it is. If it was a voidable conveyance, which had passed the seisin and possession to Wallach, and he had remained in possession, it might, like a feoffment, have been avoided by an entry by the infant, after he came of age. But in point of fact, Barry remained in possession; and therefore, he could not enter upon himself. And when he conveyed to Mrs. Moreland, being in possession, he must be deemed to assert his original interest in the land, and to pass it in the same manner as if he had entered upon the land and delivered the deed thereon, if the same had been in an adverse possession."

We think that the action of ejectment by the infant's heirs was a sufficient disaffirmance on their part of the lease made by their son during his minority. The only thing which the defendant could have gained by any more solemn act of disaffirmance of the lease by the plaintiff would be the saving of costs of defending the action. This they could have done by disclaiming title.

The exceptions are sustained, the judgment entered is reversed, the verdict set aside and the cause remanded to the circuit court for further proceedings.

*Le Blond & Smith* for plaintiffs.

*Carl S. Smith* for defendant.